IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RICKIE LEE BIGGS,

     Plaintiff,

v.

KRISTIN GRAZIANO, in her official
capacity and her individual capacity as
Charleston County Sheriff,

Defendant   .

Case No.: 2:22-cv-3194-SAL

**COMPLAINT**

Plaintiff Rickie Lee Biggs, (hereinafter "Plaintiff" or "Ms. Biggs"), by way of this Complaint, brings the below claims against Defendant Sheriff Kristin Graziano. (hereinafter "Defendant" or "Sheriff Graziano")

**NATURE OF CLAIM**

1.    Plaintiff brings this action for Breach of Contract.  Plaintiff is seeking injunctive relief stemming from a Settlement Agreement between the Defendant and Plaintiff.

**PARTIES AND JURISDICTION**

2.    Plaintiff, Rickie Lee Biggs, is a citizen and a resident of Charleston County, South Carolina.

3.    Plaintiff is employed as a Deputy Sheriff with the Charleston County Sheriff's Office.

4.    Defendant Graziano is an elected official, who manages the Charleston County Sheriff's Office and who exercises final policy making authority over personnel and policies matters.

5.    This Court has jurisdiction over the parties and the subject matter of this litigation pursuant to the parties settlement agreement in *2:18-cv-03271-SAL-MHC Biggs v. Charleston County* which states, "[t]his release shall be governed by and construed and enforced in accordance with the internal laws and judicial decisions of the State of South Carolina without regard to conflict of law provisions thereof any litigation, action or proceeding arising out of or relating to this release (or the matters discussed herein) shall be instituted in the United States District Court for the District of South Carolina."

## **RELEVANT FACTS**

6.    On December 5, 2018, Plaintiff filed the following case: *2:18-cv-03271-SAL-MHC Biggs v. Charleston County* in the United States District Court for the District of South Carolina against Defendants Charleston County, Sheriff J. Al Cannon Jr, Assistant Sheriff Mitchell Lucas, Lieutenant Fletcher Ferguson, Sergeant Mathew Euper, and Lieutenant John Plunkett, and Matthew McGalliard.

7.    Plaintiff alleged the Defendant violated her right to privacy and equal protection pursuant to 42 U.S.C. § 1983. Plaintiff also alleged she suffered discriminated, retaliation and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq based upon her sex.

8.    In the November 2020 election Kristen Graziano defeated incumbent Sheriff J. Al Cannon, Jr. Consequently, Kristen Graziano was substituted for Sheriff J. Al Cannon, Jr., as the proper party Defendant pursuant to Federal Rule of Civil Procedure 25(d).

9.      The parties negotiated a Settlement Agreement which was executed by Sheriff Graziano on Friday, July 30, 2021.

10.     Although Plaintiff believed that she was entitled to a higher financial settlement she agreed to take a lesser amount on the condition that Sheriff Graziano implement anti-harassment policies and procedures to prevent sexual harassment and encourage victims to come forward.

11.     Plaintiff did not want other victims of sexual harassment to have the same experience she had.

12.     Plaintiff requested that the Settlement Agreement include an (1) updated harassment policy; (2) mandatory sexual harassment training for all employees; (3) that the Department of Human Resources for the Charleston County Sheriff's Office (not Internal Affairs) investigate allegations of sexual harassment involving Sheriff Office's employees; and (4) the Human Resource employees assigned to conduct the investigations receive training.

13.     Plaintiff requested these changes so that the alleged victim of sexual harassment no longer be required to complain within the chain of command about alleged harassment, since oftentimes the supervisor is the harasser.

14.     Plaintiff requested that Human Resources Department of the Charleston County Sheriff's Office instead of the Office of Internal Affairs investigate sexual harassment complaints involving Sheriff Office employees so that it more likely the investigations will be handled in an impartial manner.

15.     Additionally with the Human Resource Department conducting the investigations the alleged harasser would not have supervisory authority over the officers conducting the investigation.  Nor would the alleged harasser have any direct or indirect control over the investigation.

16.     Plaintiff also wanted the individual's investigating allegations of sexual harassment to receive training on how to properly conduct an investigation into allegations of sexual harassment does to the sensitive nature of the allegations.

17.     Plaintiff requested that sexual harassment be included as a topic for mandatory block training for all employees in the Sheriff's Office.

18.     In addition, Plaintiff requested that the definition of Job-Related Sexual Harassment (Procedure 3-03) be updated in the Charleston County Sheriff's Office Policy and Procedure Manual.

19.     The parties negotiated and agreed upon terms to address Plaintiff's concerns.

20.     Plaintiff files this action because the Defendant violated the Settlement Agreement by not abiding by the agreed upon terms.

21.     Plaintiff asks this Court to order injunctive relief.  Specifically Plaintiff is asking the Court to Order that the Defendant to implement the changes they previously agreed to in the parties' Settlement Agreement.

22.     The parties' Settlement Agreement is a binding contract, and its terms are enforceable.

23.     Plaintiff alleges the Defendant violated the below provisions of the settlement agreement:

> 5.(b) Sheriff Graziano agrees as of November 1, 2021, that the Human Resources Department of the Charleston County Sheriff's Office will conduct internal investigations into allegations of sexual harassment and that Internal Affairs Division will no longer conduct such investigations. The parties further agree that those Human Resources employees responsible for conducting sexual harassment investigations will undergo training on conducting such investigations.

4

*5.(c) Sheriff Graziano agrees that the Charleston County Sheriff's Office will consider the implementation of an advocacy program to assist employees who make complaints of sexual harassment.*

*5.(d) Sheriff Graziano agrees to revise Charleston County Sheriff's Office anti-harassment and anti-discrimination polices to comply with the guidelines of the Equal Employment Opportunity Commission ("EEOC") and that said revised policies will take effect on or before January 1, 2022.*

*5. (e) Sheriff Graziano agrees that the Charleston County Sheriff's Office will include additional training on sexual harassment and anti-discrimination in its annual block training, the specifics of which will be determined by the Training Coordinator for the Sheriff's Office to begin January 2022.*

24.    Sheriff Graziano failed to perform Paragraph 5(b), Paragraph 5(d), and Paragraph 5(e) of the Settlement Agreement.

25.    The Job-Related Harassment policy and procedure was not revised to comply with the guidelines of the EEOC by January 1, 2022.

26.    Charleston County Sheriff's Office is currently still using the "Job-Related Harassment" procedure that was last revised on June 24, 2013.

27.    Notwithstanding, that on April 20, 2022, Sheriff Graziano's General Counsel published a memorandum referred to "Roll Call 22-06 -- Appropriate Workplace Conduct" ("Memo"), however the Memo is not incorporated into the Job-Related Sexual Harassment Policy and Procedure Manual which is distributed and accessible to all Sheriff Office employees.

28.    Paragraph 5(e) of the Settlement Agreement states that "Sheriff Graziano agrees

5

that the Charleston County Sheriff's Office will include additional training on sexual harassment and anti-discrimination in its annual block training, the specifics of which will be determined by the Training Coordinator for the Sheriff's Office to begin January 2022."

29.    The Charleston County Sheriff's Office uses a program called PowerDMS in order to train their employees.

30.    Each employee must complete their annual training by logging onto PowerDMS, and completing all the necessary training courses under the "Block Training" tab. Block training is a folder labeled "Block Training" under the "Courses" tab.

31.    As to the terms of the Settlement Agreement, Sheriff Graziano was supposed to include a training course on sexual harassment and anti-discrimination in its annual Block Training by January 2022.

32.    Currently only the Detention Center employees are required to complete training on sexual harassment. Sheriff Deputies on the law side are not required to complete the Sexual Harassment Block Training.

33.    Prior to filing this complaint, both Ms. Biggs, and her Counsel, conferred with the Sheriff's General Counsel Nicole Paluzzi (hereinafter "Ms. Paluzzi") and attempted in good faith to resolve the matters contained in this Complaint.

34.    In an email to Defendant's counsel, Ms. Biggs agreed it would be acceptable for the training to be uploaded as a PowerPoint presentation with questions at the end.

6

35.    Despite Ms. Biggs' concession,     there is still no required sexual harassment training under the Block Training section on PowerDMS for Sheriff Deputies.

36.    Upon information and belief,        Defendant has failed to make any shift in transitioning from Internal Affairs investigating allegations of sexual harassment to the Human Resources Department of the Charleston County Sheriff's Office investigating allegations of sexual harassment.

37.    In the recent federal lawsuit, *Joyce Smith v. Kristin Graziano, Ameed Sad, and Charleston County,* the complaint (Filed on August 23, 2022) states in Paragraph 34 that Joyce Smith visited the Charleston County Human Resources Department to make a complaint. In Paragraph 35, the complaint states that Joyce Smith was informed by the County HR they could not assist her with her complaints, and she needed to file a complaint with the Internal Affairs Office of the Charleston County Sheriff.

38.    It appears Internal Affairs is still investigating sexual harassment allegations involving employees, even though Nicole Ms. Paluzzi wrote the following to Plaintiff's Counsel on June 10, 2022:

> "The policy has been approved to add HR to the other existing reporting locations (supervisor or escalated chain of command) and serve as an access point to outside services for persons making report or seeking more information.
>
> As previously stated, CCSO cannot completely exclude IA/Professional Standards from investigating reports of sexual harassment involving 1 or more sworn personnel, where law, SC Criminal Justice Academy Policy, and accreditation standards would require an investigation by internal affairs;

however, HR is able to investigate civilian reports as well as lead the investigation on others so long as they do not involve the Detention Center.

39.    Plaintiff agreed to the above, yet here again, based upon recent events it appears that the Human Resources Department of the Charleston County Sheriff's Office is still not conducting sexual harassment investigations involving employees in any capacity.

40.    Accordingly, upon information and belief, the Human Resources employees responsible for conducting sexual harassment investigations have not undergone training on conducting such investigations.

41.    Also, upon information and belief, Sheriff Graziano has not made a good faith effort to consider the implementation of an advocacy program to assist employees who make complaints of sexual harassment.

42.    Plaintiff seeks injunctive relief in the form of a Court Order requiring Sheriff Graziano be to comply with the terms previously agreed to in the parties' Settlement Agreement.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)
### (All Defendants)

43.    Plaintiff hereby incorporates by reference each paragraph of this Complaint, as if fully set forth herein.

44.    Plaintiff and Defendant entered into a binding Contract.

45.    Plaintiff agreed to dismiss her lawsuit with prejudice. In exchange, Defendant agreed to: (1) update the Sheriff's Office harassment policy; (2) require mandatory sexual harassment training for all Sheriff Office employees and beginning in November of 2021; (3) that the Department of Human Resources for the Charleston County Sheriff's Office (not Internal Affairs) would investigate allegations of sexual harassment involving Sheriff Office employees;

2:22-cv-03194-SAL    Date Filed 09/19/22    Entry Number 1    Page 9 of 10

and (4) The Human Resource employees assigned to conduct sexual harassment investigations receive training.

46.    Defendant failed to implement the agreed upon provisions in the settlement agreement.

47.    Defendant has failed to comply with the terms of the Settlement Agreement.

48.    To date, Sheriff Graziano has failed to implement Paragraph 5(b), Paragraph 5(d), and Paragraph 5(e) of the Settlement Agreement.

49.    As a result of the Defendant's breach of contract, Plaintiff has suffered a forfeiture of her expected benefits under the Settlement Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Biggs, seeks judgment against the Defendant as follows:

a)  Declaratory Judgment that Defendant breached the Settlement Agreement she entered into with Plaintiff;

b)  The Internal Affairs Division be enjoined from conducting internal investigations into allegations of sexual harassment involving Sheriff Office employees and the Human Resources Department of the Charleston County Sheriff's Office be ordered to conduct internal investigations into allegations of sexual harassment involving employees;

c)   An injunction requiring the Human Resources employees responsible for conducting sexual harassment investigations undergo training on conducting such investigation;

d)  An injunction requiring Sheriff Graziano to revise Charleston County Sheriff's Office anti-harassment and anti-discrimination polices to comply with the guidelines of the Equal Employment Opportunity Commission ("EEOC") and that said revised policies will take effect on or before January 1, 2022.

e)  An injunction requiring Sheriff Graziano to include training on sexual harassment and anti-discrimination in its annual block training for Sheriff Deputies.

f)  An award of the reasonable attorneys' fees and costs incurred by Plaintiff;

g)  All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Biggs hereby demands a trial by jury.

Respectfully submitted,

s/Marybeth Mullaney
Marybeth Mullaney     (Fed Bar No. 11163)

Mullaney Law
652 Rutledge Ave Ste A
Charleston, South Carolina 29403
(843) 588-5587 Phone
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

September 19, 2022
Charleston, South Carolina.